1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
EMILY HOWELL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HOWELL, an individual on behalf of herself and others similarly situated,<br><br>               Plaintiff,<br>v.<br><br>ADVANTAGE RN LLC; an Ohio limited liability company; and DOES 1 to 10 inclusive,<br><br>               Defendants.<br>_____ | CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>3. Waiting Time Penalties (Cal. Labor Code § 203)<br><br>AND DEMAND FOR JURY TRIAL<br><br>'17 CV 0883 JLS  BLM |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

Plaintiffs EMILY HOWELL ("Plaintiff"), on behalf of herself and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1.      This is a California-wide class action against ADVANTAGE RN LLC ("Advantage") for (1) failing to pay all overtime wages and (2) failing to timely pay all wages owing at the termination of employment.

## JURISDICTION

2.      This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different States.

## VENUE

3.      This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Advantage employed Plaintiff and other putative class members in this judicial district, Advantage transacts business in this judicial district, and a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4.      Plaintiff Emily Howell is a citizen of Massachusetts who was employed by Advantage as a travel nurse in San Diego, California from February 2016 to October 2016.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

5.      Defendant Advantage RN LLC is an Ohio limited liability company that, at all relevant times, has been engaged in the business of health care staffing throughout California and elsewhere.

6.      Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names.   Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants.  Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

7.      Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

8.      Defendant Advantage RN LLC and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

3

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.     Defendants are a staffing company that employ hourly health care professionals for short-term travel assignments at health care providers throughout California and elsewhere.

10.     The terms and conditions of employment between Defendants and their hourly health care professionals in California are governed by a form agreement titled "Traveler Assignment Confirmation."

11.     The Traveler Assignment Confirmation provides that the health care professional's "rate of pay" consists of specified hourly wages and a specified per diem stipend.

12.     The hourly wages and per diem stipend are both paid weekly and combined together as "gross pay" on the paychecks issued to health care professionals each week.

13.     The hourly wages paid by Defendants are substantially below the average hourly wage for health care professionals in California and the per diem stipend constitutes approximately one-half of the "gross pay" each week.

14.     A health care professional's receipt of the full specified wage rates and per diem stipend each week is conditioned upon the health care professional working a minimum number of "contracted hours" per week.

15.     If a health care professional does not work the minimum number of

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

"contracted hours" in a week and the deficit is more than two hours, the Travel Assignment Confirmation provides that a "missed shift adjustment," consisting of a specified hourly deduction, will be taken "from any payments due."

16.     When assessed, the "missed shift adjustment" is deducted from the "gross pay" in the health care professional's weekly paycheck.

17.     In addition to the hourly wage rates and per diem stipend, the Traveler Assignment Confirmation provides for various bonuses, including, without limitation, a loyalty bonus, an extension bonus, and a completion bonus.

18.     When health care professional work in excess of 8 hours per day and/or 40 hours per week, Defendants do not include the value of the per diem stipend or various bonuses in the health care professionals' regular rates of pay for purposes of calculating overtime pay.

19.     Plaintiff's employment with Defendants was governed by several Traveler Assignment Confirmations each of which required her to work a minimum number of contracted hours per week and provided for a missed shift adjustment to be taken from any payments due if she did not work the minimum number of contracted hours and the deficit is more than two hours.

20.     Plaintiff's Traveler Assignment Confirmations provided for various forms of remuneration in addition to an hourly wage including, without limitation, a per diem stipend, a loyalty bonus, an extension bonus, and a completion bonus.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

21. When Plaintiff worked in excess of 8 hours per day and/or 40 hours per week, Defendants did not include the value of this additional remuneration in Plaintiff's regular rate of pay for purposes of calculating her overtime pay.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a California class composed of the following:

All non-exempt hourly health care professionals employed by Defendants in California from May 2, 2013 through the date of class certification whose employment was governed by a Traveler Assignment Confirmation that provided for a missed shift adjustment and remuneration in addition to an hourly wage.

23. Plaintiff reserves the right to amend or modify the class description or establish additional subclasses as appropriate.

24. This action has been brought and may properly be maintained as a class action under Rule 23.

**A. Numerosity**

25. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiff is informed

and believes that the class contains in excess of 100 individuals.

## B.  Commonality

26.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include, without limitation, whether Defendants lawfully excluded remuneration from class members' regular rates of pay for purposes of calculating overtime pay.

## C.  Typicality

27.     The class claims of the proposed class representative are typical of the claims of each class member.

28.     As with other members of the class, when Plaintiff worked in excess of 8 hours per day and/or 40 hours per week, Defendants failed to include all remuneration in Plaintiff's regular rate of pay for purposes of calculating her overtime pay.

## D.     Adequacy of Representation

29.     Plaintiff will fairly and adequately represent and protect the interests of the members of the class.  Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

## E.     Superiority of Class Action

30.     A class action is superior to other available means for the fair and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

efficient adjudication of the class claims.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

## FIRST CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

## (LABOR CODE §§ 510, 1194)

31.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32.    Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

33.    Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

34.    As a result of Defendants' failure to include all remuneration in employees' regular rates of pay for purposes of calculating overtime pay, Plaintiff and other members of the class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

35.    Plaintiff seeks to recover, on behalf of herself and other class members, payment of the overtime wages owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

36.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37.    A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

38    Defendants' failure to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, *et seq.* by virtue of violating Labor Code section 510.

39.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other class members, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

40.    Defendants' activities, as alleged herein, are violations of California

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

41.    Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

**THIRD CAUSE OF ACTION**

**CLASS ACTION CLAIM FOR WAITING TIME PENALTIES**

**(LABOR CODE §§ 201, 202, 203)**

42.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.    Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

44.    Plaintiff and some other members of the class are no longer employed by Defendants.

45.    Throughout the class period, Plaintiff and other class members who are former employees of Defendants were not timely paid all wages owing at the time of termination of employment because during their employment they were not

paid all overtime wages.

46.     Defendants' failure to pay Plaintiff and other class members who are former employees of Defendants all wages owing, as alleged above, was willful, as Defendants intentionally excluded remuneration from their regular rates of pay for purposes of calculating overtime pay.

47.     Plaintiff and other class members who are former employees of Defendants are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

### **Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the class; and

3. That counsel for Plaintiff be appointed as class counsel.

### **First Cause of Action**

4.     That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other class members the

correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

5.    For unpaid overtime wages and such general and special damages as may be appropriate;

6.    For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

7.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

8.    For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

9.    That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

10.    For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

11.    Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

12.    For such other and further relief as the Court may deem equitable and appropriate.

## Third Cause of Action

13.    That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 202 and 203 by willfully failing to pay all wages owed at the time of termination of employment of Plaintiff and other class members who are former employees of Defendants;

14.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who are former employees of Defendants; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED:  May 1, 2017                     **HAYES PAWLENKO LLP**

                                        By:/s/Matthew B. Hayes
                                            Matthew B. Hayes
                                            Kye D. Pawlenko
                                            Attorneys for Plaintiffs