UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HOWELL, an individual on behalf of herself and others similarly situated,<br><br>                                  Plaintiff,<br><br>v.<br><br>ADVANTAGE RN, LLC; and DOES 1 through 10,<br><br>                                  Defendants. | Case No.: 17-CV-883 JLS (BLM)<br><br>**ORDER: (1) GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; (2) APPROVING AND DIRECTING DISTRIBUTION OF NOTICE; AND (3) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS**<br><br>(ECF No. 87) |

Presently before the Court is Plaintiff Emily Howell's unopposed Motion for Preliminary Approval of Proposed Class and Collective Action Settlement ("Prelim. Approval Mot.," ECF No. 87); *see also* ECF No. 88 (notice of non-opposition). The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 89. Having reviewed the terms of the Proposed Settlement Agreement, Plaintiff's arguments, and the law, the Court preliminarily concludes that the settlement falls within the range of reasonableness warranting preliminary approval, *i.e.*, that the settlement appears fundamentally fair, reasonable, and adequate. Accordingly, the Court **GRANTS** the Preliminary Approval Motion.

# GENERAL BACKGROUND

This case began when Plaintiff filed a putative class action against Advantage RN ("ARN") on May 1, 2017. *See* ECF No. 1. In the operative First Amended Complaint, filed July 10, 2017, Plaintiff alleges Defendant illegally excluded per diem stipends and monetary bonuses from the "regular rate" when calculating employee overtime. *See generally* ECF No. 13 ("FAC"). Plaintiff further alleges that this exclusion caused damages under several provisions of federal and state law, including damages for unpaid overtime (Cal. Labor Code §§ 510, 1194), unfair business practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), waiting time penalties (Cal. Labor Code § 203), and civil penalties under California's Private Attorney General Act ("PAGA") (Cal. Labor Code §§ 2698 *et seq.*), as well as damages for unpaid overtime under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*). *See generally* FAC. On July 24, 2017, Defendant filed an answer denying liability and asserting sixteen affirmative defenses. *See generally* ECF No. 15.

On December 15, 2017, Plaintiff moved pursuant to Federal Rule of Civil Procedure 23 to certify a California class in connection with the state law claims and a nationwide collective in connection with the FLSA claim. *See* ECF No. 21. Defendant opposed. *See* ECF No. 24. The Court granted Plaintiff's motion and certified a Rule 23 class and FLSA collective. *See* ECF No. 38. On March 25, 2017, Defendant filed a motion to modify the end of the class period from July 17, 2018 to June 30, 2017, to reflect the date Defendant ceased operations. *See* ECF No. 54. The Court denied the motion. *See* ECF No. 79.

On March 29, 2019, Defendant filed a motion for summary judgement, *see* ECF No. 56, and Plaintiff filed a cross-motion for partial summary judgement as to Defendant's liability only on April 19, 2019. *See* ECF No. 63. On August 16, 2019, the Court denied Defendant's motion and granted in part and denied in part Plaintiff's motion. *See generally* ECF No. 79. Specifically, the Court granted summary judgement in Plaintiff's favor as to the California claims for overtime, unfair business practices, civil PAGA penalties, and liquidated damages under the FLSA. *See* ECF No. 79. With respect to the California

waiting time penalties, the Court granted Plaintiff's motion as to the bonus claims but denied it as to her per diem claims. *See id.* Similarly, the Court extended the FLSA statute of limitations from two to three years on grounds of willfulness for the bonus claims but not the per diem claims. *See id.*

In October 2017, the Parties participated in a private mediation with the Honorable Carl West (Ret.); however, the Parties did not agree to settlement terms at that time. Prelim. Approval Mot. at 7. On November 21, 2019, the Parties participated in a second private mediation with the Honorable Jay C. Gandhi (Ret.) that resulted in a tentative settlement. *Id.* In January 2020, the Parties reached a comprehensive settlement. *Id.* The resulting Proposed Joint Stipulation and Settlement Agreement, filed January 24, 2020, is now before the Court. *See generally* ECF No. 87.

**SETTLEMENT TERMS**

The Parties have submitted a comprehensive Proposed Joint Stipulation and Settlement Agreement with approximately eighteen pages of substantive terms, Prelim. Approval Mot. Ex. 2 ("Proposed Settlement Agreement," ECF No. 87 at 18–36), as well as a Proposed Notice. Proposed Settlement Agreement Ex. C ("Proposed Notice," ECF No. 87 at 51–57).

**I.   Proposed Settlement Class and Collective**

The Proposed Settlement Class is defined to include "[a]ll non-exempt hourly health care professionals employed by ARN in California from May 2, 2013 through July 17, 2018 who worked pursuant to a Traveler Assignment Confirmation, worked overtime, and had the value of the per diem stipend and/or loyalty, extension or completion bonus paid to them excluded from their regular rate for the purpose of calculating overtime." Proposed Settlement Agreement at 2. According to the Parties' investigation and available data, this constitutes 237 individuals (the "California Class"). *Id.*

The Proposed Settlement Collective is defined to include "[a]ll non-exempt hourly health care professionals employed by ARN in the United States within three years prior to July 17, 2018 who worked pursuant to a Traveler Assignment Confirmation, worked in

excess of 40 hours in one or more workweeks, and had the value of the per diem stipend and/or loyalty, extension or completed bonus paid to them excluded from their regular rate for purposes of calculating overtime." *Id.* at 3. According to the Parties' investigation and available data, this constitutes 215 individuals (the "FLSA Collective"). *Id.*

Some individuals are members of both the California Class and FLSA Collective. *Id.*

## II.     Proposed Monetary Relief

The Proposed Joint Stipulation and Settlement Agreement provides for $3,200,000 in non-reversionary Gross Settlement Proceeds, Proposed Settlement Agreement ¶ 4, used to pay no more than one-third (or $1,066,666.67) in Attorneys' fees, no more than $40,000 for Class Counsel's costs, no more than $15,000 in settlement administration fees and costs, $10,000 for the Named Plaintiff Service Award, and $50,000 allocated to PAGA penalties, twenty-five percent of which ($12,500) is to be distributed to the California Class. Prelim. Approval Mot. at 8-10. The resulting Net Settlement Amount will be used to pay the California Class and FLSA Collective members. *Id.* at 10. In the event the Court reduces any of the aforementioned awards, the difference shall be included in the funds available for distribution to the California Class and FLSA Collective and none of the funds will revert to ARN. Proposed Settlement Agreement ¶ 5. Employer-side payroll taxes will not be deducted from the settlement and will be paid by ARN with separate funds. Prelim. Approval Mot. at 11.

Members of the California Class and/or FLSA Collective will automatically be mailed a settlement payment. *See* Proposed Settlement Agreement ¶ 6–7. Members of the California Class and FLSA Collective will be given forty-five days to dispute overtime calculations. Proposed Settlement Agreement ¶ 10(d). Settlement checks will be valid for 180 days from their date of mailing, and any checks left uncashed after the expiration period will be voided and deposited into the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the settlement check originally had been addressed. *See* Proposed Settlement Agreement ¶ 11.

/ / /

### A. The California Class

Eighty-eight percent (88%) of the Net Settlement Fund, or approximately $1,787,133.30, will be paid to the California Class. Proposed Settlement Agreement ¶ 6; *see also* Prelim. Approval Mot. at 10. To allocate funds, "[t]he California Class Fund will first be divided by the total number of California overtime hours worked by the entire California class, in aggregate, to determine the monetary value of each California overtime hour." Prelim. Approval Mot. at 11. Each member's share "will then be calculated by multiplying that individual's number of California overtime hours by the monetary value of each such hour." *Id.*

In exchange, the California Class members will release "all Class Related Claims," which are defined as "any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, or causes of action, contingent or accrued, which arose during the certified class period and relate to California wage and hour and California Labor Code claims that were alleged . . . in this Action." Proposed Settlement Agreement ¶ 3(a).

### B. The FLSA Collective

Twelve percent (12%) of the Net Settlement Fund, or approximately $243,700, will be paid to the FLSA Collective. Proposed Settlement Agreement ¶ 6; *see also* Prelim. Approval Mot. at 11. To allocate funds, "[t]he FLSA Fund will first be divided by the total number of FLSA overtime hours worked by the entire collective, in aggregate, to determine the monetary value of each FLSA overtime hour." Prelim. Approval Mot. at 11. Each member's share "will then be calculated by multiplying that individual's number of FLSA overtime hours by the monetary value of each such hour." *Id.*

In exchange, the FLSA Collective members will release "all FLSA Released Claims," which are defined as " any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, or causes of action, contingent or accrued, that arose during the certified collective period and were alleged . . . in this Action

///

related to unpaid overtime wages or any other violation of the FLSA." Proposed Settlement Agreement ¶ 3(b).

## RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Having already certified the Settlement Class and the FLSA Collective, *see* ECF No. 38, the Court must next make a preliminary determination as to whether the Proposed Settlement Agreement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C). Factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable." *Garner v. State Farm Mut. Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *13 (N.D. Cal. Apr. 22, 2010) (quoting *Brown v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880, at *5 (N.D. Cal. Feb. 17, 2016)). "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

### I. Strength of Plaintiff's Case, Risk, Exposure, Complexity, and Likely Duration of Further Litigation

To succeed on the merits, Plaintiff would have to prove that per diem stipends and monetary bonuses constitute compensation for hours worked that must be included in the "regular rate" when calculating overtime. Prelim. Approval Mot. at 20. The Court partially granted Plaintiff's motion for summary judgement, finding RNA unlawfully excluded per diem stipends and monetary bonuses from the "regular rate" when calculating overtime.

*Id.*; *see also* ECF No. 79. Defendant steadfastly denies any wrongdoing, however, and intends to appeal on the grounds that Plaintiff's theory of recovery is based on unsettled law that neither the Ninth Circuit nor the California Courts of Appeal have addressed. Prelim. Approval Mot. at 21. The Court finds that Plaintiff has strong claims but, given the unsettled nature of the law under dispute, significant risk and uncertainty remain such that continuing the case could lead to protracted and contentious litigation. The Court therefore concludes that this factor weighs in favor of finding the Proposed Joint Stipulation and Settlement Agreement to be fair, reasonable, and adequate.

## II. Risk of Maintaining the Class Action Through Trial

Although the Court already has certified the California Class and FLSA Collective, *see* ECF No. 38, there remains uncertainty as to the Class' and Collective's ability to recover for the full period if this litigation were to continue. Prelim. Approval Mot. at 20. Defendant previously attempted to modify the size of the class by limiting the dates of exposure from July 17, 2017 to June 30, 2017. ECF No. 54. Implicit in this disagreement is the likelihood of further motions to modify the Class and Collective. Weighed against the fact that Defendant does not object to the Class and Collective periods for purposes of the Proposed Joint Stipulation and Settlement Agreement, the factor weighs in favor of the Proposed Joint Stipulation and Settlement Agreement being fair, reasonable, and adequate.

## III. Amount Offered in Settlement

Defendant has offered to pay $3,200,000 in non-reversionary Gross Settlement Proceeds. Proposed Settlement Agreement ¶ 4. Less the Attorney's Fees and Expenses, Administrative Expenses, the Named Plaintiff Service Award, and PAGA Penalties, the Net Settlement Proceeds are to be allocated 88% the California Class and 12% to the FLSA Collective. Proposed Settlement Agreement ¶ 6. A straight averaged allocation for each of the Class and Collective Members would be more than $5,000. Prelim. Approval Mot. Ex. 1 ("Hayes Decl.," ECF No. 87) ¶ 36. Plaintiff further notes that the projected payout "amounts to 77% to 99% of the maximum amount the class and collective could recover in this action." Prelim. Approval Mot. at 20. Given the risks of further litigation, the Court

determines that the amount offered in the Proposed Joint Stipulation and Settlement Agreement is fair and reasonable and that this factor weighs in favor of the settlement.

### IV. Extent of Discovery Completed and Stage of Proceedings

This case was filed over three years ago, on May 1, 2017. *See generally* ECF No. 1. Since then, Plaintiff has engaged in two-and-a-half years of "exhaustive discovery and extensive investigation into the pertinent facts and potential damages." Prelim. Approval Mot. at 5. Plaintiff's discovery included written discovery obtaining information on Defendant's relevant policies, practices, and procedures and depositions of ARN's senior leadership. *Id.* at 6-7. Plaintiff also interviewed over forty witnesses and engaged in damages discovery with expert analysis. *Id.* at 7. Accordingly, it appears that Parties have entered into the Proposed Joint Stipulation and Settlement Agreement with a strong working knowledge of the relevant facts, law, and strengths and weaknesses of their respective claims and defenses. This factor therefore weighs in favor of the Proposed Joint Stipulation and Settlement Agreement being fair, reasonable, and adequate.

### V. Experience and Views of Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Plaintiff's counsel has extensive experience litigating employment and class action lawsuits. Hayes Decl. ¶¶ 2–6. Plaintiff's counsel endorses the Proposed Joint Stipulation and Settlement Agreement as "fair, reasonable, and adequate, and in the best interest of the class and collective." *Id.* ¶ 37. Because the presumption of reasonableness is warranted under these circumstances, the Court concludes that this factor weighs in favor of finding the Proposed Joint Stipulation and Settlement Agreement fair, reasonable, and adequate.

### VI. Attorney's Fees Provision

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five

percent is the 'benchmark' that district courts should award." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006. A district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (citing *Six Mexican Workers*, 904 F.2d at 1311). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007.

Here, Class Counsel requests the Court to approve attorney's fees not to exceed one-third (1/3), or $1,066,666.60, of the Gross Settlement Fund and Class Counsel Costs of $40,000. Prelim. Approval Mot. at 9. At this point, without Class Counsel's briefing, the Court finds no reasons to award fees that exceed the Ninth Circuit's 25% benchmark. Class Counsel will need to show what special circumstances exist warranting a higher percentage in their motion for attorney's fees.

**VII. Class Representative Service Award Provision**

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The district court must evaluate each incentive award individually, using "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Here, the Parties have agreed to a maximum Named Plaintiff Service Award of $10,000. *See* Proposed Settlement Agreement ¶ 5. The Court finds that this modest incentive award is reasonable and should not bar preliminary approval; however, before final approval of the Class Representative Award, the Court requests that Plaintiff provide documentation detailing the time and effort she has expended in pursuit of this litigation
///

and the actions she has taken to benefit the Settlement Class in its motion for final approval. Without such information, the Court may lower the requested Class Representative Award.

**VIII. Conclusion**

For the reasons stated above, the Court **GRANTS** Plaintiff's unopposed Preliminary Approval Motion.

**PROPOSED SETTLEMENT NOTICE**

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Because the Court has certified the class under Rule 23(b)(3), *see* ECF No. 38, the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

According to the Proposed Joint Stipulation and Settlement Agreement, within fifteen days of the Court filing this Order, Defendant will provide the Claim Administer with the Class and Collective Members' "names, last known addresses, dates of employment, social security numbers, and, as applicable, number of Qualifying California Overtime Hours and /or Qualifying Overtime Hours for each member of the California Class and FLSA Collective." Proposed Settlement Agreement ¶ 10(b). Within fifteen days of receiving that data, the Settlement Administrator will "review the National Change of

Address Registry . . . and/or conduct a skip trace to determine the most up-to-date addresses" and then mail the Proposed Notice through first-class mail. *Id.* The seven-page Proposed Notice:

> (1) describes the nature of the lawsuit and claims at issue, (2) defines the certified class and collective that are part of the Settlement, (3) explains the amount of the Settlement and how individual class member settlement payments will be calculated, (4) discloses the attorneys fees' and class representative service payment that will be requested, (5) details the claims that are being released, (6) explains how a member of the class or collective can object to the Settlement, (7) discloses the time and place of the final approval hearing, and (8) displays the contact information for class counsel and the Settlement Administrator and advises that either may be contacted to answer questions about the Settlement.

Prelim. Approval Mot. at 24.; *see also generally* Proposed Notice. Although the Proposed Notice does not provide a second opportunity to opt-out of the Class, it does provide a procedure for disputing the calculation of overtime hours. *See* Proposed Settlement Agreement ¶ 10(c).

Having thoroughly reviewed the Proposed Notice, the Court finds that both the method and content of the Proposed Notice comply with Rule 23. Accordingly, the Court **APPROVES** both the content of the Proposed Notice and the proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Preliminary Approval Motion (ECF No.87) and **ORDERS**:

1. **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT:** The Court **PRELIMINARILY APPROVES** the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

2. **NOTICE:** The Court **PRELIMINARILY APPROVES** the form and substance of the Proposed Notice set forth in the Settlement Agreement, *see* Proposed Notice, and **APPROVES AND APPOINTS** ILYM Group, Inc. ("ILYM") as the Claims

Administrator.  The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e).  The Court further concludes that the Notice Procedure constitutes the best notice practicable under the circumstances.  As provided in the Settlement Agreement, ILYM **SHALL PROVIDE** notice to the Class Members and respond to Class Member inquiries.  Within thirty (30) days of the date on which this Order is electronically docketed, ILYM **SHALL DISSEMINATE** the Notice in the Form attached as Exhibit C to the Settlement Agreement and in the manner and form provided in the Proposed Joint Stipulation and Settlement Agreement.

    3.    **FINAL APPROVAL HEARING:** The Court **SETS** a Final Approval Hearing on Thursday, October 1, 2020 at 1:30 p.m., in Courtroom 4D of the Edward J. Schwartz United States Courthouse, 221 W. Broadway, San Diego, CA 92101, to consider:

    a.    the fairness, reasonableness, and adequacy of the Settlement Agreement;

    b.    Plaintiff's request for an award of attorneys' fees and costs;

    c.    the Class Representative Service Award;

    d.    dismissal with prejudice of this action with respect to Defendant; and

    e.    the entry of Final Judgment in this action.

At the Final Approval Hearing, the Parties also shall be prepared to update the Court as to any new developments, including any untimely submitted objections or any other issues as the Court deems appropriate.  The date and time of the Final Approval Hearing **SHALL BE INCLUDED** in the Notice to be mailed to all Class Members.

    4.    **MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT:** No later than twenty-eight (28) days before the Final Approval Hearing, the Parties **SHALL FILE** a Motion for Final Approval of Class Action Settlement.  The Motion **SHALL INCLUDE AND ADDRESS** any Objections or responses received as of the filing date.

    5.    **APPLICATION FOR ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD:** No later than twenty-one (21) days before

the Final Approval Hearing, Class Counsel **SHALL FILE** an application for attorney fees, costs, and a Class Representative Service Award.  Class Counsel **SHALL PROVIDE** documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled.  Class Counsel **SHALL ADDRESS** the appropriateness of any upward or downward departure in the lodestar calculation, as well as reasons why a percentage-of-the-fund approach to awarding attorney fees may be preferable in this case and why any upward or downward departure from the 25% benchmark may be merited.  Class Counsel **SHALL BE PREPARED** to address any questions the Court may have regarding the application for fees at the Final Approval Hearing.

  6. **SCHEDULE:** The Court orders the following schedule for further proceedings:

| Event | Date |
|---|---|
| Deadline for Defendant to send Claims Administrator a list of Class Members | Within 15 days of the date on which this Order is electronically docketed |
| Deadline for Claims Administrator to mail Proposed Notice | Within 30 days of the date on which this Order is electronically docketed |
| Deadline for Objections | Within 45 days of publication of the Proposed Notice |
| Deadline for the Parties to file a motion for final approval of class action settlement | No later than 28 days prior to the Final Approval Hearing |
| Deadline for Class Counsel to file motion for attorneys' fees and costs and Class Representative Service Award | No later than 21 days prior to the Final Approval Hearing |

| Deadline for Claims Administrator to prepare and Class Counsel to file Declaration of Compliance with Class Notice requirements | No later than 14 days prior to the Final Approval Hearing |
|---|---|
| Final Approval Hearing | October 1, 2020, at 1:30 p.m. |

7. **STAY:** At the request of the Parties, pending the Final Approval Hearing, all proceedings in the Action, including all current deadlines other than those set forth herein, are **STAYED** until further Order from this Court.

**IT IS SO ORDERED.**

Dated:  June 9, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge