1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HOWELL, an individual on behalf of herself and others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>ADVANTAGE RN, LLC; and DOES 1 through 10,<br><br>                                    Defendants. | Case No.:  17-CV-883 JLS (BLM)<br><br>**ORDER (1) GRANTING PLAINTIFF'S UNOPPOSED MOTIONS FOR<br>(a) FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND<br>(b) ATTORNEYS' FEES, COSTS, SERVICE AWARD, AND SETTLEMENT ADMINISTRATION EXPENSES; AND<br>(2) ENTERING JUDGMENT**<br><br>(ECF Nos. 91, 92) |

        Presently before the Court are Plaintiff Emily Howell's Motions for (1) Final Approval of Class and Collective Action Settlement ("Final Approval Mot.," ECF No. 91); and (2) Attorneys' Fees, Costs, Service Award, and Settlement Administration Expenses ("Fee Mot.," ECF No. 92), which are unopposed.  *See* ECF No. 93.  The Court held a hearing on October 1, 2020.  *See* ECF No. 95.  Because the Settlement is fundamentally fair, reasonable, and adequate, the Court **GRANTS** Plaintiff's unopposed Final Approval

Motion. Further, because the requested attorneys' fees, costs, service award, and settlement administration expenses are reasonable, the Court **GRANTS** Plaintiff's Fee Motion.

## BACKGROUND

This case began when Plaintiff filed a putative class action against Advantage RN ("ARN") on May 1, 2017. *See* ECF No. 1. In the operative First Amended Complaint, filed July 10, 2017, Plaintiff alleges Defendant illegally excluded per diem stipends and monetary bonuses from the "regular rate" when calculating employee overtime. *See generally* ECF No. 13 ("FAC"). Plaintiff further alleges that this exclusion caused damages under several provisions of federal and state law, including damages for unpaid overtime (Cal. Labor Code §§ 510, 1194), unfair business practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), and waiting time penalties (Cal. Labor Code § 203); civil penalties under California's Private Attorney General Act ("PAGA") (Cal. Labor Code §§ 2698 *et seq.*); and damages for unpaid overtime under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*). *See generally* FAC. On July 24, 2017, Defendant filed an answer denying liability and asserting sixteen affirmative defenses. *See generally* ECF No. 15.

On December 15, 2017, Plaintiff moved pursuant to Federal Rule of Civil Procedure 23 to certify a California class in connection with the state law claims and a nationwide collective in connection with the FLSA claim. *See* ECF No. 21. Defendant opposed. *See* ECF No. 24. The Court granted Plaintiff's motion and certified a Rule 23 class and FLSA collective. *See* ECF No. 38. On March 25, 2017, Defendant filed a motion to modify the end of the class period from July 17, 2018, to June 30, 2017, to reflect the date Defendant ceased operations. *See* ECF No. 54. The Court denied the motion. *See* ECF No. 79.

On August 31, 2018, CPT Group, Inc. ("CPT"), disseminated a Court-approved notice to the certified Rule 23 California class and FLSA collective. *See* ECF No. 87-2 Ex. 3 (Declaration of Tarus Dancy of CPT ("Dancy Decl.")) ¶¶ 4–9. Nine individuals opted out of the certified Rule 23 class, resulting in a certified California class of 237

individuals, *see id.* ¶ 13, and 215 individuals returned an FLSA consent to join form, *see id.* ¶ 14.  Accounting for overlap between the two groups, this lawsuit includes a total of 407 individuals.  Final Approval Mot. Ex. 3 (Declaration of Nathalie Hernandez of ILYM Group, Inc. ("Hernandez Decl.")) ¶ 5.

On March 29, 2019, Defendant filed a motion for summary judgement, *see* ECF No. 56, and on April 19, 2019, Plaintiff filed a cross-motion for partial summary judgement as to Defendant's liability only.  *See* ECF No. 63.  On August 16, 2019, the Court denied Defendant's motion and granted in part and denied in part Plaintiff's motion.  *See generally* ECF No. 79.  Specifically, the Court granted summary judgement in Plaintiff's favor as to the California claims for overtime, unfair business practices, civil PAGA penalties, and liquidated damages under the FLSA.  *See id.*  With respect to the California waiting time penalties, the Court granted Plaintiff's motion as to the bonus claims but denied it as to her per diem claims.  *See id.*  Similarly, the Court extended the FLSA statute of limitations from two to three years on grounds of willfulness for the bonus claims but not the per diem claims.  *See id.*

In October 2017, the Parties participated in a private mediation with the Honorable Carl West (Ret.); however, the Parties did not agree to settlement terms at that time.  *See* ECF No. 87 ("Prelim. Approval Mot.") at 7.  On November 21, 2019, the Parties participated in a second private mediation with the Honorable Jay C. Gandhi (Ret.) that resulted in a tentative settlement.  *Id.*  In January 2020, the Parties reached a comprehensive settlement.  *Id.*

On January 24, 2020, the Parties sought preliminary approval from the Court, *see generally* Prelim. Approval Mot., which the Court granted, *see generally* ECF No. 90.  On July 9, 2020, the Court-approved notice of the Settlement was sent via U.S. fist class mail to the 407 members of the class and/or collective, nineteen of which were undeliverable.  Hernandez Decl. ¶¶ 5–10.  No objections were received.  *Id.* ¶ 11.

/ / /

/ / /

The Parties are now before the Court to seek the Court's final approval of their Settlement and attorneys' fees, costs, service award, and settlement administration expenses. *See generally* ECF Nos. 91–92.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Proposed Joint Stipulation and Settlement Agreement with approximately eighteen pages of substantive terms. ECF No. 87 at 18–36 ("Proposed Settlement Agreement").

## I.   Proposed Settlement Class and Collective

The Proposed Settlement Class is defined to include:

> All non-exempt hourly health care professionals employed by ARN in California from May 2, 2013 through July 17, 2018 who worked pursuant to a Traveler Assignment Confirmation, worked overtime, and had the value of the per diem stipend and/or loyalty, extension or completion bonus paid to them excluded from their regular rate for the purpose of calculating overtime.

Proposed Settlement Agreement at 2. According to the Parties' investigation and available data, this constitutes 237 individuals (the "California Class"). *Id.*

The Proposed Settlement Collective is defined to include:

> All non-exempt hourly health care professionals employed by ARN in the United States within three years prior to July 17, 2018 who worked pursuant to a Traveler Assignment Confirmation, worked in excess of 40 hours in one or more workweeks, and had the value of the per diem stipend and/or loyalty, extension or completed bonus paid to them excluded from their regular rate for purposes of calculating overtime.

*Id.* at 3. According to the Parties' investigation and available data, this constitutes 215 individuals (the "FLSA Collective"). *Id.*

Some individuals are members of both the California Class and FLSA Collective. *Id.*

## II.   Proposed Monetary Relief

The Proposed Joint Stipulation and Settlement Agreement provides for $3,200,000 in non-reversionary Gross Settlement Proceeds, Proposed Settlement Agreement ¶ 4, no

more than one-third (or $1,066,666.67) to be used to pay for attorneys' fees, no more than $40,000 for Class Counsel's costs, no more than $15,000 for settlement administration fees and costs, $10,000 for the Named Plaintiff Service Award, and $50,000 allocated to PAGA penalties, twenty-five percent of which ($12,500) is to be distributed to the California Class, *id.* ¶ 5. The resulting Net Settlement Amount will be used to pay the California Class and FLSA Collective members. *Id.* ¶¶ 6−7. In the event the Court reduces any of the aforementioned awards, the difference shall be included in the funds available for distribution to the California Class and FLSA Collective and none of the funds will revert to ARN. *Id.* ¶ 5. Employer-side payroll taxes will not be deducted from the settlement and will be paid by ARN with separate funds. *Id.* ¶ 8.

Members of the California Class and/or FLSA Collective will automatically be mailed a settlement payment. *See id.* ¶¶ 6−7. Members of the California Class and FLSA Collective will be given forty-five days to dispute overtime calculations. *Id.* ¶ 10(d). Settlement checks will be valid for 180 days from their date of mailing, and any checks left uncashed after the expiration period will be voided and deposited into the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the settlement check originally had been addressed. *See id.* ¶ 11.

### A.   *The California Class*

Eighty-eight percent (88%) of the Net Settlement Fund, or approximately $1,787,133.30, will be paid to the California Class. Proposed Settlement Agreement ¶ 6. To allocate funds, "[t]he California Class Fund shall first be divided by the total number of Qualifying California Overtime Hours worked by the entire California Class to determine the monetary value of each Qualifying California Overtime Hour." *Id.* Each member's share "will then be calculated by multiplying that individual's number of Qualifying California Overtime Hours by the monetary value of each Qualifying California Overtime Hour." *Id.*

In exchange, the California Class members will release "all Class Related Claims," which are defined as "any and all claims, debts, liabilities, demands, obligations,

guarantees, costs, expenses, attorney's fees, damages, or causes of action, contingent or accrued, which arose during the certified class period and relate to California wage and hour and California Labor Code claims that were alleged . . . in this Action." *Id.* ¶ 3(a).

### B.    The FLSA Collective

Twelve percent (12%) of the Net Settlement Fund, or approximately $243,700, will be paid to the FLSA Collective.  Proposed Settlement Agreement ¶ 6.  To allocate funds, "[t]he FLSA Fund shall first be divided by the total number of Qualifying FLSA Overtime Hours worked by the entire FLSA Collective to determine the monetary value of each Qualifying FLSA Overtime Hour." *Id.*  Each FLSA Collective member's share "will then be calculated by multiplying that individual's number of Qualifying FLSA Overtime Hours by the monetary value of each Qualifying FLSA Overtime Hour." *Id.*

In exchange, the FLSA Collective members will release "all FLSA Released Claims," which are defined as " any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, or causes of action, contingent or accrued, that arose during the certified collective period and were alleged . . . in this Action related to unpaid overtime wages or any other violation of the FLSA." *Id.* ¶ 3(b).

## MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

## I.    Class Certification

Before granting final approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified.  *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees).  In the present case, the Court already has certified both a California class and FLSA collective.  *See* ECF No. 38.

## II.    Adequacy of Notice

The Court must also determine that the Class received adequate notice.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998), *overruled on other grounds by Wal-*
/ / /

*Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Id.*

In its Preliminary Approval Order, the Court preliminarily approved the Parties' proposed notice and notice plan. *See* ECF No. 90 at 10–11.  As part of her Final Approval Motion, Plaintiff has filed the Declaration of Nathalie Hernandez, who is "the Operations Manager for ILYM Group, Inc. . . . , the professional settlement services provider who has been retained by the Parties' Counsel and subsequently appointed by the Court to serve as the Settlement Administrator."  *See generally* Hernandez Decl.; *see also id.* ¶ 1.  In her declaration, Ms. Hernandez details the actions taken by ILYM Group, Inc., to provide notice in accordance with the Notice Plan.  *See generally id.*  Having reviewed Ms. Hernanez's declaration, the Court finds that the California Class and FLSA Collective received adequate notice of the Settlement.

## III.   Fairness of the Settlement

The Court must next determine whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C).  Factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.  This determination is committed to the sound discretion of the trial judge.  *Id.*

In its Preliminary Approval Order, the Court addressed each of the *Hanlon* factors in turn and found that all of the pertinent factors weighed in favor of approving the Settlement.  *See* ECF No. 90 at 6–10.  Since then, no member of the California Class or FLSA Collective has filed an objection.  *See* Hernandez Decl. ¶ 11.  Because no pertinent facts have changed, the Court reaffirms and incorporates by reference its analysis of the

Rule 23(e) requirements as set forth in its Preliminary Approval Order. *See* ECF No. 90 at 6–10. Accordingly, the Court finds the settlement to be "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e).

## IV.   Conclusion

Because all of the pertinent factors here weigh in favor of approving the Settlement, the Court **GRANTS** Plaintiff's Final Approval Motion.

## MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD

Class Counsel seek attorneys' fees in the amount of $1,066,666.66, representing one-third of the Gross Settlement Proceeds, and reimbursement of litigation costs in the amount of $29,875.92. Fee Mot. at 1. Class Counsel also requests a Service Award to Class Representative Emily Howell in the amount of $10,000 and Settlement administration expenses to ILYM Group, Inc. in the amount of $9,554. *Id.* The Court addresses each of Class Counsel's requests in turn.

## I.   Attorneys' Fees

Federal Rule of Civil Procedure 23(h) permits a court to award reasonable attorneys' fees "authorized by law or by the parties' agreement." The Court has discretion to award attorneys' fees based on "the percentage-of-the-fund method or the lodestar/multiplier approach." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295–96 (9th Cir. 1994). The Ninth Circuit has routinely applied the percentage-of-the-fund approach, treating twenty-five percent as the "benchmark." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378–79 (9th Cir. 1994). Despite this benchmark, district courts have discretion to "[a]djust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *Id.* at 379.

Here, Class Counsel seeks one-third of the $3,200,000 Gross Settlement Proceeds, totaling $1,066,666.66, *see* Fee Mot. at 2, which exceeds the Ninth Circuit's twenty-five percent benchmark. In its Preliminary Approval Order, the Court indicated that, "[a]t th[at] point, without Class Counsel's briefing, the Court f[ou]nd[] no reasons to award fees that exceed the Ninth Circuit's 25% benchmark" and that "Class Counsel w[ould] need to show

what special circumstances exist warranting a higher percentage in their motion for attorney's fees." ECF No. 90 at 9.

In their Fee Motion, Class Counsel contends that the requested fee of $1,066,666.66 is reasonable under either the percentage-of-the-fund or lodestar approach to calculating a reasonable fee. *See* Fee Mot. at 3–12. Specifically, Class counsel contends that a departure from the twenty-five percent benchmark under the percentage-of-the-fund approach is warranted given the "substantial benefit for the class and collective," *see id.* at 4–5; the significant merits-based and procedural risks entailed, *see id.* at 5–6; the "significant level of skill and extensive work . . . required," *see id.* at 6; the fact that this case was litigated on a contingency basis for over three years, *see id.* at 6–7; and the fact that "a fee award of one-third of the recovery is in line with fee awards in similar actions," *see id.* at 7–8. As for the lodestar method, Mr. Hayes has expended 703.60 hours and has an hourly rate of $650, *see id.* at 8, 10, whereas Mr. Pawlenko has spent 868.10 hours and has an hourly rate of $600, *see id.*, resulting in a lodestar calculation of $978,200, *see id.* at 11. A multiplier of 1.0904 yields the requested fee of $1,066,666.66 here, *see id.*, which Class Counsel contends is reasonable in this case, "[c]onsidering that this lawsuit presented a novel legal issue, resulted in a substantial benefit for the class and collective, faced significant merits and procedural risks that could have resulted in little or no class recovery, and was litigated on a purely contingency basis for over three years," *id.* at 12.

Having reviewed the Fee Motion and its supporting Exhibits, Class Counsel's arguments, and the applicable law, the Court agrees with Class Counsel that the fee request in the amount of $1,066,666.66, or one-third of the Gross Settlement Proceeds, is reasonable under the circumstances, particularly in light of the favorable results achieved by Class Counsel, the risk Class Counsel assumed by taking this case on contingency, and the award being in line with the lodestar calculation and fee awards in similar actions. Accordingly, the Court finds that an award of one-third of the Gross Settlement Proceeds, or $1,066,666.66, is reasonable under the circumstances of this case.

/ / /

1

**II.     Costs**

2          Although the Settlement authorizes Class Counsel to apply for reimbursement of up

3  to $40,000 in costs, Class Counsel seeks reimbursement for $29,875.92.  *See* Fee Mot. at

4  12–13.  "[T]he specific costs for which class counsel is seeking reimbursement are limited

5  to filing fees, postage, court messenger fees, deposition/court reporter fees, travel expenses,

6  copying costs, third party administrator fees, mediation fees, and expert witness fees."  *Id.*

7  at 13 (citing Final Approval Mot. Ex. 5).  No objections have been made to these costs, and

8  the Court finds that Class Counsel's litigation expenses are typical and reasonable.  The

9  Court therefore approves the requested reimbursement in the amount of $29,875.92.

10 **III.    Service Award**

11         Incentive awards are "fairly typical" discretionary awards "intended to compensate

12 class representatives for work done on behalf of the class, to make up for financial or

13 reputational risk undertaken in bringing the action, and, sometimes, to recognize their

14 willingness to act as a private attorney general."  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d

15 948, 958–59 (9th Cir. 2009) (citations omitted).  In deciding whether to give an incentive

16 award, the Court may consider:

17                    1) the risk to the class representative in commencing suit, both
18                    financial and otherwise; 2) the notoriety and personal difficulties
                       encountered by the class representative; 3) the amount of time
19                    and effort spent by the class representative; 4) the duration of the
                       litigation; and 5) the personal benefit (or lack thereof) enjoyed
20                    by the class representative as a result of the litigation.

21

22 *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (citations

23 omitted).

24         Class Counsel seek a $10,000 service award for Plaintiff Emily Howell.  Fee Mot.

25 at 13–15.  In its Preliminary Approval Order, the Court indicated its belief that "this modest

26 incentive award is reasonable" but "request[ed] that Plaintiff provide documentation

27 detailing the time and effort she has expended in pursuit of this litigation and the actions

28 she has taken to benefit the Settlement Class in its motion for final approval."  ECF No. 90

at 9–10.

In its Fee Motion, Class Counsel contends that "the requested award[ is] justified by the time and risks undertaken by the named Plaintiff and the benefit she secured for the class." Fee Mot. at 14. Specifically, "Ms. Howell dedicated a substantial amount of time and effort – over 85 hours – to prosecuting this lawsuit," *id.*, and "assumed significant risk by pursuing claims based on a novel legal issue that challenged the business model of how Advantage RN, and most other travel nursing agencies, pay their workforce," *id.* "Furthermore, unlike the rest of the class and collective, as a condition of the settlement, Ms. Howell agreed to a global release of all her known and unknown claims." *Id.* Finally, "[t]he requested $10,000 service award for Ms. Howell is comparable to service awards in other wage and hour class actions" and "is reasonable in proportion to the gross recovery of $3.2 million, constituting less than 0.5% of that amount." *Id.* at 15. Having considered the relevant factors, the Court finds the requested service award of $10,000 to be reasonable.

## IV.   Settlement Administration Expenses

Finally,

> [t]he Settlement authorizes the deduction from the common fund of up to $15,000 for the fees and costs associated with administering the Settlement, which includes processing class member data, providing notice to the class and collective, calculating individual settlement awards, calculating and withholding taxes, handling data disputes, distributing payments, and otherwise administering the settlement.

Fee Mot. at 16. Class Counsel therefore seeks approval of settlement administration expenses in the amount of $9,554 to the Settlement Administrator, ILYM Group, Inc., "for the fees and costs associated with administering the Settlement on behalf of a class and collective consisting of 407 individuals." *Id.* at 15–16. No objections have been made to these expenses, and the Court finds that the Settlement Administrator's expenses are reasonable. The Court therefore approves the requested administration expenses in the amount of $9,554.

**V.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Fee Motion.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff's Motions for Final Approval of Class Action Settlement (ECF No. 91) and for Attorneys' Fees, Costs, Service Award, and Settlement Administration Expenses (ECF No. 92).  Accordingly, the Court **ENTERS FINAL JUDGMENT** as follows:

1.    Having found that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class and collective settlement under federal law, the Court **GRANTS** final approval of the Settlement; accordingly, the Parties **SHALL FULFILL** the terms of the Settlement;

2.    The Settlement and this Judgment **SHALL BE BINDING** on the named Parties, along with all members of the Certified Class/Collective;

3.    The Court **FINDS** that the Notice of the Settlement and Notice Procedure implemented by the Parties following the Order Granting Preliminary Approval (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the members of the class and collective of the settlement, their right to object to the settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with all applicable law;

4.    The Court **APPROVES** class counsel attorneys' fees in the amount of $1,066,666.66, and reimbursement of litigation expenses in the amount of $29,875.92, which **SHALL BE PAID** in accordance with the terms of the Class and Collective Settlement;

5.    The Court **APPROVES** a class representative service payment to Plaintiff Emily Howell in the amount of $10,000, which **SHALL BE PAID** in accordance with the terms of the Class and Collective Settlement;

/ / /

17-CV-883 JLS (BLM)

6.      The Court **APPROVES** settlement administration fees and expenses to ILYM Group, Inc., in the amount of $9,554, which **SHALL BE PAID** in accordance with the terms of the Class and Collective Settlement; and

8.      Without affecting the finality of this matter, this Court **SHALL RETAIN** exclusive jurisdiction over this action and the parties, including the class and collective, for purposes of enforcing the terms and conditions of the Class and Collective Settlement.

The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  October 1, 2020

Hon. Janis L. Sammartino
United States District Judge

17-CV-883 JLS (BLM)